**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MANUEL KIDERLEN CIFUENTES GUERRERO,<br><br>Defendant. | CASE NO. 17-cr-1465-LAB-11<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE [DKT. 612, 665]** |

On August 15, 2020, Defendant Manuel Kiderlen Cifuentes Guerrero ("Guerrero") pleaded guilty to international conspiracy to distribute controlled substances in violation of 21 U.S.C §§ 959, 960, and 963. The Court imposed a total custodial sentence of 60 months followed by 5 years of supervised release. He has served about 41 months or 68.8% of his sentence and is scheduled to be released from the Bureau of Prisons ("BOP") custody on May 14, 2022. Guerrero is currently serving time at FCI Coleman Medium. On November 26, 2020, Guerrero moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because his hypertension and Vitamin D deficiency increase the chance of infection and serious illness from COVID-19.

Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a). The Government opposes Guerrero's motion, arguing that he has not identified "extraordinary and compelling reasons" justifying a sentence reduction. The Government contends that Guerrero doesn't have "a serious physical or medical condition" within the meaning of the Sentencing Commission's policy statement because his stated medical conditions do not put him at severe risk from COVID-19. Finally, Guerrero hasn't met his burden to show that release is warranted under § 3553(a) factors. (ECF 685 at p. 8)

The Court agrees with the government that bare allegations of medical condition alone are not sufficient to constitute the requisite "extraordinary and compelling circumstances" or to warrant early release under § 3582(c)(1)(A). Significantly, Guerrero doesn't allege, nor has he made any showing, that the BOP hasn't been able to sufficiently treat his medical conditions or that his removal from federal custody will accelerate his access to a COVID-19 vaccination. Nor has he shown that the BOP is unable to adequately safeguard his health and safety during the remainder of his sentence. To the contrary, medical records from the BOP establish Guerrero's condition has been properly managed. These circumstances certainly mitigate the claimed risk that Guerrero will suffer COVID-19 infection and illness.

Additionally, the § 3553(a) factors continue to support the imposition of his original sentence. Guerrero's offense – helping transport thousands of kilograms of cocaine from South and Central America to the United States in a drug trafficking organization – was unquestionably serious. (ECF 685 p. 5). The need to protect the public from the dangerous proliferation of drugs under § 3553(a)(2)(C) and the need for deterrence under § 3553(a)(2)(B) are also

strongly implicated here. These factors weigh heavily against early release and predominate over considerations of Guerrero's medical condition.

In sum, Guerrero hasn't demonstrated "extraordinary and compelling reasons" to warrant a reduction of sentence. His motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 19, 2021

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge